**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00290-WJM  **RESTRICTED CASE**

UNITED STATES OF AMERICA, ex. rel.,
DAMIEN SCHWARTZ,

    Plaintiff,

v.

KINDRED HEALTHCARE, INC.,
KINDRED HEALTHCARE OPERATING, INC., and
TRANSITIONAL HOSPITALS CORPORATION OF LOUISIANA, INC.,

    Defendants.

---

**UNITED STATES' UNOPPOSED MOTION TO UNRESTRICT CASE
AND MAINTAIN LEVEL 2 RESTRICTION OF CERTAIN FILINGS**

---

The United States hereby moves for an Order directing the Clerk of the Court to unrestrict the above-captioned *qui tam* case, but maintain the Level 2 restriction on the government's prior motions for an extension of time to elect to intervene (ECF Nos. 14, 17, 19, 21, 23, and 25).

Following conferral in accordance with D.C.COLO.LCivR 7.1, counsel for the relator has advised the United States that the relator does not oppose this motion. Undersigned counsel has not, however, conferred with the defendants because, in accordance with the False Claims Act, the case is presently restricted. *See* 31 U.S.C. § 3730(b)(2).

In support of this motion, the United States sets forth the following:

1. The United States moves for an Order directing the Clerk of the Court to unrestrict the above-captioned *qui tam* case. The unrestricting, or unsealing, of a *qui tam* case ensures that the complaint and the allegations therein will be subject to scrutiny by both the defendant and the general public. Unsealing of complaints assures that *qui tam* litigants are subject to the same requirement of reasonable pleading as other plaintiffs. This interest is furthered by generally requiring that the complaint be unsealed and available to both the public and the defendant once the government has concluded its investigation of the relator's allegations.

2. The United States further moves the Court for an Order lifting the public access restrictions on the instant motion, and the attached proposed Order, and that any pleadings in this action going forward be unrestricted absent a Court order. Additionally, except as requested in Paragraphs three and four below, any other previous motions or orders should be unrestricted. This accords with the False Claims Act, which provides that the complaint is to be "unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." 31 U.S.C. § 3730(b)(3).

3. The United States requests that its motions for extension of time to elect to intervene (ECF Nos. 14, 17, 19, 21, 23, and 25) — which discussed the government's investigation of this matter and were submitted to the Court as "Level 2 Restricted" documents (which is the equivalent of an *in camera* submission under the False Claims Act) — remain restricted at a "Restriction – Level 2." Maintaining this restricted status is

consistent with the False Claims Act, which expressly provides the government with the right to make submissions before the unsealing of the complaint "*in camera*." 31 U.S.C. § 3730(b)(3) (providing that any motions for extension of time for notifying the court as to intervention "may be supported by affidavits or other submissions *in camera*"). As noted above, the False Claims Act indicates that once the government has made an intervention decision, the *qui tam* complaint is to be unsealed. But the Act does not further require the unsealing of the "*in camera*" submissions about the progress of the investigation. The United States submits that its motions for extension of time, which were properly submitted under the protections of 31 U.S.C. § 3730(b)(3), should continue to retain restricted status at Restriction – Level 2 – which is equivalent to *in camera* status.

4. A proposed Order accompanies this Motion.

Respectfully submitted this 22nd day of July, 2019.

JASON R. DUNN
United States Attorney
District of Colorado

*s/ Katherine A. Ross*
KATHERINE A. ROSS
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: katherine.ross@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2019, I electronically filed the foregoing notice with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Jonathan K. Tycko
Tycko & Zavareei LLP
1828 L Street, NW
Suite 1000
Washington, DC 20036
jtycko@tzlegal.com
*Counsel for the Relator*

Because this action is under seal pursuant to 31 U.S.C. § 3730, the Defendants have not been served with copies of the foregoing motion.

s/ *Betsy Hernandez-Soto*
United States Attorney's Office